JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ivan Evans
Philadelphia, PA

**DEFENDANTS**
Vivint Solar Developer LLC d/b/a Vivint Solar Bristol
219 B Rittenhouse Circle, Bristol, PA 19007

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott K. Johnson , THE LAW OFFICES OF ERIC A. SHORE
2 Penn Center, 1500 JFK Blvd Suite 1240, Philadelphia, PA 19102
(267) 546-0124

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government    Plaintiff

☒ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government    Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other | ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original    Proceeding

☐ 2   Removed from    State Court

☐ 3   Remanded from    Appellate Court

☐ 4   Reinstated or    Reopened

☐ 5   Transferred from    Another District    *(specify)*

☐ 6   Multidistrict    Litigation -    Transfer

☐ 8   Multidistrict    Litigation -    Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332
Brief description of cause:
Workers Compensation Retaliation & Wrongful Termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE
10/16/2019

SIGNATURE OF ATTORNEY OF RECORD
*Scott K. John—*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Philadelphia, PA 19140___

Address of Defendant: ___219 B Rittenhouse Circle, Bristol, PA 19007___

Place of Accident, Incident or Transaction: ___219 B Rittenhouse Circle, Bristol, PA 19007___

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/16/19__   _Scott K. Jr_   PA 85024
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Scott K. Johnson___, counsel of record *or pro se plaintiff*, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __10/16/19__   _Scott K. r_   PA 85024
_Attorney-at-Law / Pro Se Plaintiff_   _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ivan Evans | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Vivint Solar Developer LLC | : | |
| d/b/a Vivint Solar Bristol | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)


| | | |
|---|---|---|
| 10/16/2019 | Scott K. Johnson | Ivan Evans |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 546-0124 | (215) 944-6124 | scottj@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Ivan Evans,                                          :
                                                     :
      Plaintiff,       :   **JURY DEMANDED**
                                                     :
      v.               :   No.: _____
                                                     :
Vivint Solar Developer LLC d/b/a Vivint              :
Solar Bristol                                        :
                                                     :
      Defendant.       :

## CIVIL ACTION COMPLAINT

Plaintiff, Ivan Evans, by and through his undersigned attorney, brings this complaint against Defendant, Vivint Solar Developer LLC d/b/a Vivint Solar Bristol and alleges the following:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Ivan Evans, is an adult individual residing in Philadelphia, Pennsylvania.

2. Defendant, Vivint Solar Developer LLC doing business as "Vivint Solar Bristol" ("Defendant" or "Vivint"), is a foreign business corporation organized and existing under the laws of the State of Utah, which according the public records of the Pennsylvania Secretary of State ("SOS") is operating in this state using the SOS Entity Number of 4099986 and has designated Corporation System Dauphin, as its agent for service of process. While Vivint's operations span the country, the company operates an office in Pennsylvania. Vivint employed Plaintiff at its office in Bristol, Pennsylvania. The address of this office is 219 B Rittenhouse Circle, Bristol, Pennsylvania.

1

3.      At all times material hereto, Defendant qualifies as Plaintiff's employer.

4.      Jurisdiction is conferred by 28 U.S.C. §§ 1332.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conduct business in this district, and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district.  Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. FACTS

8.      On November 11, 2018, Vivint hired Mr. Evans to work as a Solar Panel Installer at their office in Bristol, Pennsylvania.

9.      On February 4, 2019, Mr. Evans was injured while working.

10.      Mr. Evans slipped while stepping up on the work truck and tore his groin.

11.      Mr. Evans had surgery and did not return back to work until July 15, 2019.

12.      When Mr. Evans returned back to work he informed Vivint that he has upcoming doctor's appointments.

13.      Mr. Evans provided Vivint with the dates and would also bring in a doctor' note as proof.

14.      A couple of days after returning back to work Mr. Evans began to receive disparate treatment.

15.      Mr. Evans noticed his co-workers were not speaking to him, they told him he is to slow, and he is not finishing his job in a timely manner.

16.      Mr. Evans was written up twice since returning, one was for being late (Mr. Evans does not drive and Vivint was aware).

2

17.     On more than one occasion Vivint had Mr. Evans drive the company van even though they were aware that Mr. Evans did not have a driver's license.

18.     On August 19, 2019, Mr. Evans informed the operations manager, Mr. Mike Steer that he had a doctor's appointment on August 22, 2019.

19.     While at the doctor Mr. Evans recevied a missed call from Vivint.

20.     Mr. Evans returned the call after 12:30 p.m. but never received a call back until after 5 p.m.

21.     However during that time Mr. Evans was in the process of switching his phone and never received a voicemail from Vivint.

22.     On August 23, 2019, as Mr. Evans was leaving for work he received a call from the Human Resources Representative, Marie[1].

23.     Marie informed Mr. Evans that he was terminated for being a no call/no show on August 22, 2019.

24.     Mr. Evans informed Marie that he never received the voicemail because he was in the process of switching his phone to a new device and that had informed Mr. Steer of his doctor's appointment.

25.     Marie then said "Within this day and age you should be able to get in touch with us."

26.     Up to the time of his firing, Mr. Evans had been a loyal, hardworking employee, with no write-ups or infractions.

27.     Defendant's purported reason for terminating Plaintiff was pretext.

28.     At all times, he was performing the essential functions of his job in a satisfactory, capable manner.

---

[1] Last name of Marie is unknown to Plaintiff

29.     Defendant's termination of the Plaintiff was motivated by the filing of his worker's compensation claim.

30.     As a direct and proximate result of Defendant's conduct in terminating Plaintiff, he sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth.

## III. CAUSE OF ACTION
## WRONGFUL TERMINATION

31.     Plaintiff incorporates paragraphs 1-30 as if fully set forth at length herein.

32.     Defendant's conduct towards Plaintiff, as described above and incorporated herein constitutes a wrongful termination of Plaintiff in that it violated public policy.

33.     Plaintiff exercised a protected right in filing a Workers' Compensation claim.

34.     Defendant was motivated to discharge Plaintiff and his termination was a direct consequence of him filing a Worker's Compensation claim.

35.     Defendant's motivation in terminating Plaintiff's employment was to stifle, restrict and chill his and other employees' protected rights to file Workers' Compensation claims in the event of workplace injuries.

36.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, lost benefits, as well as emotional distress, mental anguish, humiliation, pain and suffering,

4

consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

37.     Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Ivan Evans, demands judgment in his favor and against Defendant in an amount more than $150,000.00 together with:

A.      Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B.      Attorney's fees and costs of suit;

C.      Interest, delay damages; and,

D.      Any other further relief this Court deems just proper and equitable.

Date: October 15, 2019                **RESPECTFULLY SUBMITTED:**

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**SCOTT K. JOHNSON, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA  19102
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiff, Ivan Evans*